UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | No. 2:17-cv-2559-EFB P |
| Plaintiff, | |
| v. | ORDER |
| C. BALDWIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF No. 11), plaintiff has filed a first amended complaint and a substantially similar second amended complaint, accompanied by a "memorandum" (ECF Nos. 14, 16, 17). He also requests the appointment of counsel (ECF Nos. 15 & 19).

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

Screening Order

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff's complaint consists of various hand-written pages whose content is often impossible to parse. The court is able to glean that: (1) on or about March 13, 2017, plaintiff was working as a porter at California State Prison, Solano; (2) in the performance of his job duties plaintiff was attacked by another inmate named Walker, who assaulted him with a punch to the jaw; (3) plaintiff sustained "great bodily" injury as a consequence of this attack; and (4) he alleges that the named defendants were responsible for failing to protect him. The difficulty in understanding the specifics of plaintiff's allegations and how, if at all, each of the named defendants was directly responsible for failing to protect him, convinces the court that the complaint does not put defendants on notice of the claims against them. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (holding that a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them."). Plaintiff will be given leave to file an amended complaint that addresses this deficiency.

ECF No. 11 at 3. Plaintiff attempts to correct the deficiency identified by the original screening order by alleging that defendant correctional officers Baldwin, Jackson and Qin were "on notice . . . that inmate workers were being exposed to dangerous conditions without staff supervision" because of an inmate grievance that had been directed to Baldwin. *See* ECF No. 16 at 9 (also alleging that the "grievances . . . were filed without any response"). Plaintiff asserts that these defendants were both negligent and deliberately indifferent in violation of the Eighth Amendment. *Id.*

Negligence will not support a cause of action under 42 U.S.C. § 1983. To be clear, under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). Thus, the focus is on deliberate indifference not mere negligence. A defendant is deliberately indifferent if he knows that the plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Plaintiff has not alleged facts showing how any

particular defendant was deliberately indifferent to a known substantial risk of serious harm to plaintiff. For instance, there are no allegations showing that defendants were aware of the risk that another inmate would attack plaintiff and intentionally ignored that risk. Likewise, plaintiff does not describe the contents of the grievance that allegedly put defendants "on notice," nor does he allege how Jackson or Qin were made aware of any such grievance. Plaintiff essentially alleges his attack was made possible because of inadequate staff supervision – a claim that rings only of negligence. Further, plaintiff names four additional defendants – Morton, Jiminez, Arnold, and Neuschmid – but fails to plead any facts putting these defendants on notice of the claims against them.

The court recognizes that plaintiff has filed various documents related to his prison grievances and medical care. *See* ECF No. 14 at 24-56; ECF No. 16 at 21-57; ECF No. 17. The court declines, however, to look though these documents in search of claims that are not clearly raised by the complaint itself. *See Davis v. Carlton*, 2013 U.S. Dist. LEXIS 174334, *18 n. 1 (E.D. Cal. Dec. 12, 2013) ("The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim.").

The court will afford plaintiff a final opportunity to amend his complaint. Plaintiff is admonished that, if his next complaint relies in any way on attached, documentary exhibits, he must ensure that those exhibits are actually attached to his filing.

## Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so

that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

## Request for Appointment of Counsel

Plaintiff requests the appointment of counsel. District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time.

## Conclusion

Accordingly, IT IS ORDERED that:

1. The amended complaints (ECF Nos. 14, 16, 17) are dismissed with leave to amend within 30 days. Failure to comply with this order may result a recommendation of dismissal.

4

2. Plaintiff's requests for the appointment of counsel (ECF Nos. 15 & 19) are denied.

DATED: April 29, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE