UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. BALDWIN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2559-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF No. 11), plaintiff filed a first amended complaint and a substantially similar second amended complaint, accompanied by a "memorandum" (ECF Nos. 14, 16, 17). On April 30, 2019, the court screened plaintiff's filings, deemed them deficient, and dismissed them with leave to amend. ECF No. 20. Now, plaintiff has filed another "amended complaint" (ECF No. 21) and the court must screen it.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

/////

1

state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

### Screening Order

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff's complaint consists of various hand-written pages whose content is often impossible to parse. The court is able to glean that: (1) on or about March 13, 2017, plaintiff was working as a porter at California State Prison, Solano; (2) in the performance of his job duties plaintiff was attacked by another inmate named Walker, who assaulted him with a punch to the jaw; (3) plaintiff sustained "great bodily" injury as a consequence of this attack; and (4) he alleges that the named defendants were responsible for failing to protect him. The difficulty in understanding the specifics of plaintiff's allegations and how, if at all, each of the named defendants was directly responsible for failing to protect him, convinces the court that the complaint does not put defendants on notice of the claims against them. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (holding that a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them."). Plaintiff will be given leave to file an amended complaint that addresses this deficiency.

ECF No. 11 at 3. In an amended complaint, plaintiff attempted to correct the deficiency identified by the original screening order by alleging that defendant correctional officers Baldwin, Jackson and Qin were "on notice . . . that inmate workers were being exposed to dangerous conditions without staff supervision" because of an inmate grievance that had been directed to Baldwin. *See* ECF No. 16 at 9 (also alleging that the "grievances . . . were filed without any response"). Plaintiff asserted that the defendants were both negligent and deliberately indifferent in violation of the Eighth Amendment. *Id.* Upon screening, the court dismissed those claims explaining (1) that negligence will not support a cause of action under 42 U.S.C. § 1983; and (2) that plaintiff had not alleged facts showing how any particular defendant was deliberately indifferent to a known substantial risk of serious harm to plaintiff in violation of the Eighth Amendment. ECF No. 20 at 2-3. The court informed plaintiff that he had essentially alleged his attack was made possible because of inadequate staff supervision – a claim that rings only of negligence. *Id.* at 3.

Plaintiff's most recently filed "amended complaint" is a collection of his prior filings in this case.[1] There are no new allegations curing the deficiencies the court has identified. Thus, the "amended complaint" filed on May 13, 2019 (ECF No. 21) must be dismissed for the reasons stated in the court's prior screening orders (ECF Nos. 11 & 20).

## Leave to Amend

The court has already afforded plaintiff two chances to amend his complain, yet he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

## Conclusion

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's "amended complaint" (ECF No. 21) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

---

[1] Specifically, pages 3-10, 15-22, and 34-36 are copies of the complaint and declaration plaintiff previously filed at ECF No. 16. Pages 24-30 and 32-33 are copies of plaintiff's filing at ECF No. 17. The remaining pages consist of various cover pages, tables of contents, medical records and other exhibits that are incapable of curing the deficiencies identified by the court. *See* ECF No. 21 at 1-2, 11-14, 23, 31, 37-71.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 26, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE